**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ARCTICDX, INC., ET AL.,<br><br>        Plaintiffs,<br><br>   v.<br><br>SEQUENOM, INC., ET AL.,<br><br>        Defendants. | CIVIL CASE NO.  2:12-cv-00081-JRG-RSP |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.      **Disclosures.**  Except as provided by paragraph 1(h), and, to the extent not already disclosed, by July 18, 2012, each party shall disclose to every other party the following information:

     A.      the correct names of the parties to the lawsuit;

     B.      the name, address, and telephone number of any potential parties;

     C.      the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

     D.      the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the

case, and a brief, fair summary of the substance of the information known by such person;

E.      any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

F.      any settlement agreements relevant to the subject matter of this action;

G.      any statement of any party to the litigation;

H.      for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

   (1)   the expert's name, address, and telephone number;

   (2)   the subject matter on which the expert will testify;

   (3)   if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

      (a) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, except to the extent protected by Fed. R. Civ. P. 26(b)(4); and

      (b) the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

(4)   for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information;

2.   **Protective Orders.**  The court will enter the parties' Agreed Protective Order.

3.   **Additional Disclosures.**  Each party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following information:

A.   the disclosures required by the Patent Rules for the Eastern District of Texas and in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

B.   by December 21, 2012, a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas.  By written agreement of all parties, alternative forms of disclosure of documents may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

C.   by July 15, 2013, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as

under Local Rule CV-34, the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

D. by July 22, 2013, those documents and authorizations described in Local Rule CV-34.

4. **Discovery Limitations.**   The discovery in this cause is limited to the disclosures described in Paragraphs 1 and 3 together with 40 interrogatories per side (wherein "side" means a party or a group of parties with a common interest), 40 requests for admissions per side, and the limitations on depositions provided below:

A. **Fact Depositions:**

(1)  No more than fifty (50) hours of fact depositions, excluding inventors.

(2) Depositions taken pursuant to Fed. R. Civ. P. 30(a)(1) are limited to seven (7) hours per witness, except that depositions of the inventors of the patents-in-suit are limited to twelve (12) hours.

(3) Depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) are subject to the limits pursuant to paragraph 4(A)(1)(a) above.

B. **Expert Depositions**. Each side may take up to seven (7) hours of deposition testimony for **each** burden or responsive report provided by an expert identified by the other side.

C. **Third Party Depositions:**

(1) There is no limit on the number of document subpoenas on third parties except that oral depositions of third parties are limited by the

caps as set forth above and subject to any restrictions imposed by a court of competent jurisdiction ruling on a protective order sought by any such third party.

(2) The parties will make their best efforts to provide for deposition the inventors of the patents-in-suit.  Where the inventor is a third party, neither party shall object to a deposition of up to twelve (12) hours.

D. **Depositions on Written Questions**: The parties agree that each deposition upon written questions taken pursuant to Fed. R. Civ. P. 31 shall count as seven (7) hours of deposition time set forth in paragraph 4(B) above, except that a deposition upon written questions used only for document authentication and/or to establish admissibility are not subject to this limitation.

E. **Cross-Examination Testimony**: The parties agree that time spent by one side on cross-examination of a witness called by another side does not count towards the time limits regarding deposition testimony agreed to above.

F. **Modification of Deposition Limits**: The parties agree to meet and confer in good faith as necessary as discovery progresses regarding possible modifications to the deposition limitations set forth in paragraphs 4(A)—(D). Should the parties not reach an agreement, any party may move to modify these limitations for good cause.

5. **Privileged Information.** There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the

Docket Control Order (*i.e.,* December 21, 2012), the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.   The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. Motions to Compel related to privilege logs and/or privileged documents must be filed by June 3, 2013.

6.    **Pre-trial Disclosures.**   Each party shall provide to every other party regarding the evidence that the disclosing party intends to present at trial as follows:

A.    the name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises;

B.    the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

C.    an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures shall be made at least 30 days before trial.  Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c).  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7.    **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8.    **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.    **Disputes.**

A.    Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of

any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

B.    The Court will refuse to entertain any discovery motion filed after the date of this Order unless the movant advises the Court, within the body of the motion, that counsel for the parties have first met and conferred **in person, with local counsel present**, in a good faith effort to resolve the matter. This provision applies only to discovery matters and requires only that counsel from those parties that are in disagreement tomeet in person.  Lastly, this meet and confer provision only requires the presence of such counsel having authority to resolve the matter in dispute.   The following excuse will not warrant a continuance nor justify a failure to comply with the discovery deadline: the fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case.

      C.       Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

11.    **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

      **SIGNED this 13th day of June, 2012.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE