# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ARCTICDX, INC., ET AL.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SEQUENOM, INC., ET AL.,<br><br>        Defendants. | CIVIL CASE NO. 2:12-cv-00081-JRG-RSP |

## STIPULATED PROTECTIVE ORDER

Upon agreement and motion by all the parties appearing herein and pursuant to the Local Rules and Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Stipulated Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents, material or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information may not presently have sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. Upon agreement of the parties and to protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. "Protected Documents" are documents, discovery, physical objects, depositions, or the factual knowledge of persons, that: (1) are disclosed or produced in this litigation by any party to this action or any non-party producing information or material voluntarily or pursuant to a subpoena or court order, (2) contain what the disclosing or producing party considers to constitute Confidential Information, and (3) have been designated by the disclosing or producing party as "confidential." Protected Documents and any information contained therein are entitled to confidential treatment as described below.

2.     Protected Documents shall not include information or materials that (a) on their face show that they have been published to the general public, or (b) have been submitted to any governmental entity without request for confidential treatment, (c) after disclosure to the receiving party, become part of the public domain as a result of publication not involving a violation of this Order, (d) the receiving party can show was already known to it prior to disclosure, or (e) the receiving party can show was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

3.     Any document or tangible thing containing or including Confidential Information may be designated as a Protected Document by the disclosing or producing party by marking it CONFIDENTIAL prior to or at the time copies are furnished to the receiving party.

4.     All Confidential Information not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph __ shall be designated by the producing party by informing the receiving party of the designation in writing.

5.     The parties shall use reasonable care when designating documents or information as confidential.  A receiving party may at any time request that the producing party cancel or modify the confidential designation with respect to any Protected Document or information contained therein.

6.     At any time after the disclosure or production of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents or, if at deposition, by statement on the record to counsel for the party that disclosed or produced the Protected Documents.  The parties shall use their best efforts to

resolve promptly and informally such disputes. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

7. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

8. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    A. Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

    B.    Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    C.    Non-party expert witnesses and consultants retained in connection with this litigation for the preparation for trial or trial of this litigation, but only in accordance with Paragraph 10 of this Agreement and after such persons have executed the Confidentiality Agreement contained at Exhibit A;

    D.    The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

    E.    Graphics, translation, stenographic, or design services retained by counsel for purposes of preparing demonstratives or other exhibits for court proceedings or depositions; and non-technical jury or trial consulting services, not including mock jurors.

9.    Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

10.    Any person or entity who is to be given access to Protected Documents pursuant to paragraph 8(C) shall read this Stipulated Protective Order and sign the Agreement attached hereto as Exhibit A, indicating that he/she has read this Protective Order and will abide by its terms. A copy of the signed Discovery Confidentiality Agreement shall be served on opposing counsel and counsel for the Producing Party, along with a resume or curriculum vitae and a list of consultancies for the past four (4) years for the person who is to be given the Protected Documents, by email or first-class mail at

least seven (7) business days prior to the disclosure of the Protected Documents. If an objection is made and served by email and first-class mail within the seven (7) day period, disclosure is not permitted until the matter is resolved by the Parties (who shall meet and confer) or the Court. The objecting Party carries the burden to show cause why the material should not be disclosed to such person under the terms of this Order.

11.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked confidential by the reporter. This request may be made orally during the deposition or in writing within fifteen (15) calendar days of receipt of the final certified transcript. Any portions designated as confidential L shall thereafter be treated in accordance with the terms of this Order.

13.     Depositions or portions thereof relating to Protected Documents shall be maintained in a separate confidential volume, and shall, if required, be separately filed as provided herein so as to distinguish such confidential deposition or confidential portions thereof from non-confidential public depositions or public portions thereof.

14.     Material and deposition transcripts produced without the Confidential designation may be so designated subsequent to production or testimony if the producing party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware of the producing party's failure to timely make such designation. If discovery material is

designated confidential information subsequent to production or testimony, the receiving party shall promptly collect any copies that have been provided to individuals other than those authorized to receive Protected Information so designated under this Order, and shall affix the appropriate designation to any copies that have been provided to individuals authorized to receive Protected Information so designated under this Order.

15. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

16. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

17. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

18. The designation or lack of designation of Protected Documents by the Producing Party as "Confidential" does not thereby cause such Protected Documents to be confidential, proprietary or trade secret information of that Party or otherwise diminish, denude, or deprive the confidential, proprietary or trade secret status of the Protected Documents. Such a designation may not be

introduced into evidence as an admission by a Party and shall not be admissible in evidence for any other purpose.

19. Protected Documents and any information contained therein shall be held in confidence by each person to whom it is disclosed, shall only be used for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as provided herein. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for herein. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

20. All Protected Documents and any information contained therein are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

21. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all confidential information of which such person has prior knowledge.

22. Any Protected Document(s) or information contained therein that is to be filed in this action, including deposition transcripts, exhibits, answers to interrogatories, pleadings, and briefs, shall be filed under seal electronically pursuant to Local Rule CV-5(a)(7), and the case caption of the filing

shall contain the notation "CONFIDENTIAL INFORMATION - UNDER PROTECTIVE ORDER." To the extent that any Protected Document(s) or information contained therein is not being filed electronically with the Court, it must be filed in a sealed envelope or container, which: bears the caption of the case, identifies the contents for docketing purposes, and bears a statement substantially in the form below:

**CONFIDENTIAL**

**Filed under Protective Order. This envelope is not to be opened nor the contents thereof displayed or revealed except by order of the Court or by agreement of the parties.**

Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record or as otherwise provided for hereunder.

23. The inadvertent or unintentional production or disclosure by the Producing Party of any documents or other information or materials subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part or impairment of any claim of privilege or protection by the Producing Party, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a written claim of inadvertent production is made by the Producing Party,

with respect to information then in the custody of another Party, upon receipt of such written notice, such Party promptly shall return to the Producing Party any inadvertently produced materials, and shall destroy all copies or reproductions thereof and any notes regarding those materials. The Party returning such material may subsequently move the Court for an Order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production nor shall it disclose the substance of the inadvertently produced material. Notwithstanding the foregoing, the Party making such a motion may characterize the inadvertently produced material in a manner needed to seek the Court's resolution.

24. If material or information designated "Confidential" is disclosed by a receiving Party to any person other than in the manner authorized by this Protective Order, the receiving Party responsible for the disclosures must immediately bring all facts relating to such disclosure to the attention of the designating Party and, without prejudice to the rights and remedies of the designating Party, make every effort to mitigate the damage done by its disclosure and prevent further unauthorized disclosure.

25. All disputes concerning Protected Documents, Confidential Information, or this Order shall be resolved by the United States District Court for the Eastern District of Texas, Marshall Division.

26. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

27. Within sixty (60) days of the termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents or destroy the Protected Documents and certify, in writing, to the Producing Party that the documents have been destroyed.  Notwithstanding this provision, outside counsel of record shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, for archival purposes only.  The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

28. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

29. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought.  Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.  A nonparty's use of this Protective Order to protect its confidential information does not entitle that nonparty access to confidential information

produced by any party in this case. If at any time Protected Documents are subpoenaed by any court, arbitral, administrative or legislative body, the person or party to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel, and shall provide each such party the opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) calendar days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents.

30.   The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

31.   This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.

**SIGNED this 13th day of June, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

## **DISCOVERY CONFIDENTIALITY AGREEMENT**
## **ARCTICDX, INC. V. SEQUENOM, INC.**
## **CIVIL CASE NO. 2:12cv81**

The undersigned has read the annexed Protective Order.  The undersigned agrees to be bound by each of the terms thereof, and not to disclose or otherwise use any "Confidential" or "Confidential – Under Protective Order" Confidential Information (as those terms are defined therein) made available or produced in connection with this matter other than as provided for in the Protective Order.  The undersigned agrees to submit to the jurisdiction of this Court for the purposes of enforcement of this Agreement.  Nothing in this Agreement shall be construed as precluding any other court or judicial body from exercising jurisdiction over the undersigned for purposes of enforcement of this Agreement.

_____
Signature

_____
Name (Please print or type)

Business Address:                                           Residence Address:

_____          _____
_____          _____
_____          _____